Argued September 14, affirmed September 29, 1965

# CHIPMAN *v.* CHIPMAN
406 P. 2d 150

*Francis F. Yunker,* Portland, argued the cause for appellant.

*John R. Gilbertson,* Portland, argued the cause for respondent. With him on the brief were White, Sutherland & White, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

GOODWIN, J.

The defendant wife appeals from a decree of separation from bed and board for three years; she had sought permanent separation in her cross complaint.

The plaintiff husband, an enlisted member of the Air Force, had sued for divorce. He has not cross-appealed from the denial of his prayer. The wife prayed for a permanent separation and for payments totaling $350 per month. The decree ordered payments of only $75 per month during the three-year period of temporary separation. This allowance is challenged as inadequate.

The record reveals that this marriage has been turbulent. No useful purpose would be served in reviewing the indignities alleged by each party against the other in this particular adventure. We assume that the allegations are substantially true. Both parties have had other unsuccessful marriages.

The trial court properly denied the prayer for permanent separation. Permanent separation, if literally enforced, has grave consequences. While it would be unfortunate, as a practical matter, to liberate either of these parties to enter into further marriages, our statutes do not include this consideration as a ground for permanent separation.

Under the provisions of ORS 107.210, permanent separation may be decreed only upon proof of adultery. The grounds for temporary separation are substantially the same as those (other than adultery) for divorce. The statute makes the granting of any separation, either temporary or permanent, a matter of sound judicial discretion. We are not disposed to substitute our discretion for that of the trial court. No abuse of discretion is present in the case at bar. Even if adultery had been proven, and the inferences that the husband was guilty of adultery were certainly permissible, it was not mandatory to decree permanent separation. The court evidently believed from the evidence that a temporary separation might lead to a more equitable solution than would a decree permanently freezing these antagonists into their predicament.

Turning to the question of child support, which, we gather from the testimony, primarily concerned the parties, we can find in the record no satisfactory reason for changing the award made by the trial court in the sum of $75.00 per month.

This appeal also challenges the trial court's denial of alimony and attorney's fees to the wife. We have examined the record with reference to the respective needs and abilities of the parties to pay their expenses of living and costs of the litigation in which they have

indulged from time to time.  We find nothing to justify disturbing the decree on either score.

Affirmed.